**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.

ALEX GROTH,

     Plaintiff,

                                      **COMPLAINT AND TRIAL BY JURY**

v.                                           **DEMAND**

JPMORGAN CHASE BANK, N.A.,

     Defendant.

_____/

### NATURE OF ACTION

1.     Plaintiff Alex Groth ("Plaintiff") brings this action against Defendant JPMorgan

Chase Bank, N.A. ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"),

47 U.S.C. § 227 and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*

### JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331,

and 28 U.S.C. § 1367(a).

3.     "[A]llegations of nuisance and invasion of privacy in TCPA actions are sufficient

to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL

4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that

Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges

here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's

repeated requests for those autodialed calls to stop.").

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

5.     Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

6.     In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id*. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7.     The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

8.     The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages.  Damages are calculated by the greater of actual damages or $500 for each violation of the statute.  47 U.S.C. § 227(b)(3)(B).

9.     Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the

subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

10.     "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

11.     Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

12.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

13.     "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.* With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA]. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

14.     In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to

dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

**PARTIES**

15.     Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Pompano.

16.     Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

17.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

**FACTUAL ALLEGATIONS**

18.     Plaintiff is a natural person allegedly obligated to pay a debt.

19.     Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

20.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal consumer account (the "Debt").

21.     Following Plaintiff's alleged default on the Debt, Defendant began placing calls to Plaintiff's wireless number.

22.     On or around April 18, 2018, Plaintiff spoke with Defendant and demanded that all calls cease and desist.

23.     To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than April 18, 2018 when Plaintiff demanded the calls stop.

24.     Nevertheless, Defendant continued placing telephone calls to Plaintiff's wireless number approximately twice a day.

25.     Defendant placed no less than 70 calls to Plaintiff's wireless number after Plaintiff first demanded the calls cease and desist.

26.     Upon information and belief, Defendant made the aforementioned calls to Plaintiff's wireless number using an automated, computerized dialing system ("the Dialing System").

27.     During many of the calls, Defendant used the Dialing System to leave a voicemail message to Plaintiff.

28.     In some instances, there is a long pause prior to a live person coming on the line.

29.     Once an agent comes on the line and says "hello," there is a long pause before the agent continues leaving a message.

30.     Upon information and believe, the long pause is because the agent used the Dialing System to place the call and is unsure whether the call was answered by Plaintiff or Plaintiff's voicemail.

31.     On other occasions, Defendant leaves a blank voicemail.

32.     Upon information and belief, the Dialing System is a combination of hardware and software that has the capacity to store telephone numbers to be called and to dial such numbers in an automated fashion.

33.     If Defendant were so inclined, the Dialing System could be used to store large lists of arbitrary telephone numbers and to dial such numbers.

34.     Upon information and belief, the Dialing System has the capacity to place a large volume of calls in a short period of time without the need for a human being to make an individualized decision about whether to make each call.

35.     Upon information and belief, Defendant uses the Dialing System to call lists of numbers through "dialing campaigns."

36.     When the Dialing System calls numbers that are stored in its permanent or temporary memory, it relies on a computerized process to dial numbers either in a random order or in a particular sequence, based on the parameters of the particular dialing campaign that Defendant's collection agents are working at any given time.

37.     This computerized process generates telephone numbers to be called from the hardware upon which the Dialing System relies for its permanent or temporary memory (i.e., the hard drive, RAM, or cache) according to certain programmed instructions defined by a particular dialing campaign and then, after this queuing process, the Dialing System dials the number in the phone network.

38.     Upon information and belief, the Dialing System attempts to predict the number of calls that will be answered within a certain period of time in the future and places a corresponding number of calls based on the number of Defendant's available agents within that future time frame.

39.     Accordingly, the Dialing System is a predictive dialer, as that technology is described in the FCC's 2003 order on the TCPA.

40.     Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

41.     Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

42.     Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

43.     Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

44.     Upon information and belief, Defendant had knowledge that it was using the Dialing System to place each of the calls identified above.

45.     Upon information and belief, Defendant intended to use the Dialing System to place each of the calls identified above.

46.     Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number using the Dialing System, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

47.     Plaintiff repeats and re-alleges each and every factual allegation above.

48.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's wireless number using the Dialing System after Plaintiff told Defendant to stop calling him.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)  Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)  Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)   Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(7)

49.   Plaintiff repeats and re-alleges each and every factual allegation above.

50.   The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."  Fla. Stat. § 559.72(7).

51.   "Whether communication was frequent enough to constitute harassment is generally a jury question. Proof of frequent calls, continuing after the plaintiff told the defendant to stop calling, is sufficient to demonstrate a triable issue of fact." *Smith v. MarkOne Fin., LLC,* No. 3:13-cv-933-J-32MCR, 2015 WL 419005, at *6 (M.D. Fla. Feb. 2, 2015) (citing *Story v. J. M. Fields, Inc*., 343 So. 2d 675, 677 (Fla. Dist. Ct. App. 1977)) (internal citation omitted).

52.   Defendant violated Fla. Stat. § 559.72(7) by communicating with Plaintiff, or any member of his family, with such frequency as would reasonably be expected to harass Plaintiff, or his family, or willfully engaging in such other conduct reasonably expected to abuse or harass Plaintiff or any member of his family.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated Fla. Stat. § 559.72(7);

b)  Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d)  Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e)  Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(9)

53.     Plaintiff repeats and re-alleges each and every factual allegation above.

54.     The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

55.     "To establish a violation under the Florida Consumer Collections Practices Act, Florida Statute Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

56.     As of April 18, 2018, Defendant had no legal right to call Plaintiff's wireless number using the Dialing System.

57.     By continuing to call Plaintiff's wireless number using the Dialing System, Defendant asserted the existence of a legal right that it knew did not exist, to effectuate its debt collection activities directed at Plaintiff.

58.     Defendant violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated Fla. Stat. § 559.72(9);

b)  Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d)  Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

f)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

59.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 29, 2018.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206